UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 22, 2016

LETTER TO COUNSEL

RE:   *David Anthony Schenning v. Commissioner, Social Security Administration*;
      Civil No. SAG-15-3459

Dear Counsel:

On November 13, 2015, Plaintiff David Anthony Schenning petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Schenning's reply. (ECF Nos. 18, 23, 24). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Mr. Schenning's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Schenning filed his claims for benefits on April 12, 2012, alleging a disability onset date of April 11, 2011. (Tr. 250-64). His claims were denied initially and on reconsideration. (Tr. 86-99, 102-25). A hearing was held on April 2, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 45-85). Following the hearing, the ALJ determined that Mr. Schenning was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 22-32). The Appeals Council denied Mr. Schenning's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Schenning suffered from the severe impairments of "degenerative disc disease of the lumbar spine status post lumbar fusion in February 2012 and borderline obesity." (Tr. 24). Despite these impairments, the ALJ determined that Mr. Schenning retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, but he can never climb ladders, ropes, or scaffolds. The claimant must avoid concentrated exposure to workplace hazards.

(Tr. 26). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Schenning could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 31-32).

*David Anthony Schenning  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3459
December 22, 2016

Plaintiff's sole argument on appeal is that the ALJ provided an inadequate analysis of Listing 1.04A.  The ALJ found as follows:

> The claimant's impairment of degenerative disc disease does not meet listing 1.04 because he does not have evidence of nerve root compression, consistent limitation of  motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness), sensory or reflex loss, or positive straight leg raising tests in both the sitting and supine positions.

(Tr. 26).  Plaintiff contends that the ALJ failed to list specific evidence to support her conclusions.  Because I find the ALJ's assertion of a lack of evidence to support a finding of "nerve root compression" is accurate, I affirm the ALJ's conclusion.

Once a listing has been identified for evaluation, the best practice is to provide an extensive evaluation of the evidence pertaining to that listing.  Here, however, I concur with the ALJ that there is a lack of evidence to support a finding that Plaintiff suffered from nerve root compression, which is a necessary prerequisite to a finding that a claimant's condition meets or equals Listing 1.04A.  In so concluding, I express no opinion as to whether the ALJ correctly analyzed the remaining subparts of Listing 1.04A, such as muscle weakness, sensory loss, or positive straight leg raising tests.  In the absence of evidence of nerve root compression, any error in those analyses of the additional subparts would be harmless.

With respect to nerve root compression, as the ALJ found, there is no evidence in the record of such a finding or diagnosis.  None of the objective medical testing found nerve root compression, and no physician diagnosed nerve root compression from his or her clinical observations or examinations.  Plaintiff's contention, essentially, is that the ALJ should have inferred the presence of nerve root compression from his clinical symptoms and from his diagnosis of "sciatica," which can be, but is not always, caused by nerve root compression.  Pl. Mot. 12-13.  Nothing in the existing law compels an ALJ to engage in that level of medical diagnosis or to ferret out the likely or possible causes of a claimant's medical condition.  The claimant bears the burden of proof at the first four steps of the sequential evaluation, including the listing analysis at step three.  *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (noting that the burden rests with the claimant, through the first four steps of the sequential evaluation, to present evidence establishing disability during the relevant period).  Here, where no physician expressly diagnosed nerve root compression, and where no objective testing reflected impingement of a nerve root, the ALJ made a factually correct statement that Plaintiff "does not have evidence of nerve root compression."  (Tr. 26).  Accordingly, no further analysis of the listing was required by *Fox v. Colvin*, 632 F. App'x 750 (4th Cir. 2015), or *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), because there was no ambiguity in the evidence to be resolved.

For the reasons set forth herein, Mr. Schenning's Motion for Summary Judgment (ECF No. 18) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 23) is GRANTED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

*David Anthony Schenning  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3459
December 22, 2016

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                Sincerely yours,

                /s/

                Stephanie A. Gallagher
                United States Magistrate Judge