UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 7, 2017

LETTER TO COUNSEL

RE:  *David Anthony Schenning v. Commissioner, Social Security Administration*;
Civil No. SAG-15-3459

Dear Counsel:

Presently pending is Plaintiff David Anthony Schenning's Motion to Reconsider the Court's December 22, 2016 Letter Order, which, *inter alia*, granted Defendant Social Security Administration's ("the Commissioner") Motion for Summary Judgment. [ECF No. 26]. I have also reviewed the Commissioner's opposition. [ECF No. 27]. Mr. Schenning asks the Court to reconsider granting the Commissioner's Motion, again arguing that the ALJ provided an inadequate Listing analysis. [ECF No. 26]. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Schenning's motion is DENIED.

## I.   BACKGROUND

On November 13, 2015, Mr. Schenning petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. Mr. Schenning's sole argument on appeal was that the ALJ provided an inadequate Listing analysis. [ECF No. 18]. Specifically, Mr. Schenning argued that the ALJ failed to apply specific record evidence to the Listing criteria, in violation of the dictates in *Fox v. Colvin,* 632 F. App'x 750 (4th Cir. 2015). *Id.* However, the Court found that the ALJ did not violate *Fox* because the ALJ noted a lack of evidence to support a finding that Plaintiff suffered from nerve root compression, as cited in Listing 1.04A. [ECF No. 25]. Accordingly, the Court denied Mr. Schenning's Motion for Summary Judgment, granted the Commissioner's Motion for Summary Judgment, and affirmed the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* Subsequently, on January 3, 2017, Mr. Schenning filed his Motion to Reconsider. [ECF No. 26].

## II.   ANALYSIS

In his motion, Mr. Schenning contends that this Court failed to properly evaluate the ALJ's Listing analysis under *Fox*. Specifically, Mr. Schenning contends that the Court failed to evaluate the evidentiary requirements of nerve root compression. [ECF No. 26]. For the reasons discussed below, the ALJ's Listing analysis was proper, and summary judgment in favor of the Commissioner was warranted.

*David Anthony Schenning  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3459
March 7, 2017

     Mr. Schenning argues that this Court erred by affirming the ALJ's judgment under *Fox* because "there [was] no evidence in the record of [nerve root compression]." *Id.* (citing [ECF No. 25]). Specifically, Mr. Schenning contends that the Court failed to evaluate the symptoms of nerve root compression, including neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss), and positive straight leg raising tests (sitting and supine). *Id.* (citing 20 C.F.R. § Pt. 404, Subpt. P, App. 1, Listing 1.04A). To support his argument, Mr. Schenning cites the Court's holding that, "because there is a lack of evidence to support a finding that [Mr. Schenning] suffered from nerve root compression…I express no opinion as to whether the ALJ correctly analyzed the remaining subparts of Listing 1.04A, such as muscle weakness, sensory loss, or positive straight leg raising tests." *Id.* (citing [ECF No. 25]).[1] However, contrary to Mr. Schenning's assertion, the ALJ conducted a proper Listing analysis, and summary judgment in the Commissioner's favor was appropriate. Although Mr. Schenning correctly notes that nerve root compression can be characterized by—i.e., distinguished by—the four symptoms listed above, *Radford v. Colvin*, 734 F.3d 288, 298 (4th Cir. 2013), the presence of those symptoms does not automatically warrant a finding of nerve root compression under the Listing. As the Fourth Circuit concluded in *Radford*, "Listing 1.04A requires a claimant to show only what it requires him to show: that each of the symptoms are present, *and* that the claimant has suffered or can be expected to suffer from nerve root compression continuously for at least 12 months." *Radford*, 734 F.3d at 294 (emphasis added). That excerpt from *Radford* is written in the conjunctive, indicating that a showing that each of the symptoms are present does not necessarily mean that the claimant has suffered or can be expected to suffer from nerve root compression.

     Moreover, the ALJ provided substantial evidence to support his determination that Mr. Schenning "[did] not have evidence of nerve root compression" to meet or medically equal the criteria of Listing 1.04A. (Tr. 26). Indeed, as noted in the Letter Order, Mr. Schenning was never diagnosed with nerve root compression, and no objective testing reflected impingement of a nerve root. In addition, the ALJ noted that Mr. Schenning's "physical examinations…were relatively normal," revealed "very mild degenerative disc disease at L4-L5," and "showed no acute findings," including "no compression fractures or spondylolisthesis." (Tr. 28). The ALJ also noted that, on examination, Mr. Schenning demonstrated "normal" gait and station, "normal" upper and lower extremity strength, and "full strength in his lower extremities." (Tr. 29). Furthermore, the ALJ noted that Mr. Schenning "was able to ambulate without [an] assistive device," "was able to do a full squat without assistance," and demonstrated "continued activities of daily living" that "belie[d] a debilitating condition." *Id*. As a result, the ALJ concluded that "the medical evidence of record confirms a continued back impairment, but not a completely debilitating condition." *Id*. Considering the ALJ's evidence in support of his Listing analysis, and Mr. Schenning's lack of evidence to the contrary, I find that the ALJ's Step Three

---

[1] Mr. Schenning also cites *Coulter v. Commissioner, Soc. Sec.*, No. 16-2175, (4th Cir. Dec. 20, 2016) (unpublished) to argue that the Commissioner concedes Mr. Schenning's allegation of error. [ECF No. 18, pp. 5-6]. Specifically, Mr. Schenning notes that the Commissioner in *Coulter* "voluntarily filed an unopposed motion to remand the case on the [same] grounds" as the instant matter. [ECF No. 26]. However, contrary to Mr. Schenning's assertion, the Commissioner did not specify the basis for her decision to voluntarily remand *Coulter*. *See* [ECF No. 26, Ex. 1]. Accordingly, Mr. Schenning's reliance on *Coulter* is misplaced.

*David Anthony Schenning  v. Commissioner, Social Security Administration*
Civil No. SAG-15-3459
March 7, 2017

analysis was proper, and summary judgment in the Commissioner's favor was appropriate. Therefore, Mr. Schenning's Motion to Reconsider is denied.

### III.   CONCLUSION

For the reasons set forth herein, Mr. Schenning's Motion to Reconsider, (ECF No. 26), is DENIED.  The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge